# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-1422

**STATE OF LOUISIANA**

**VERSUS**

**NICHOLAS TRENT CONSOLE**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT,
PARISH OF CAMERON, 124571, 124576, 125998, and 127642
HONORABLE H. WARD FONTENOT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Billy Howard Ezell, and J. David Painter..

**AFFIRMED AND REMANDED.**

**Jennifer A.  Jones, Assistant District Attorney**
**Thirty-Eighth Judicial District**
**P.O. Box 280**
**Cameron, LA 70631**
**(337) 775-5713**
**Counsel for State of Louisiana**

**G. Paul Marx, Attorney at Law**
**Louisiana Appellate Project**
**P.O. Box 82389**
**Lafayette, LA 70598**
**(337) 237-2537**
**Counsel for Defendant-Appellant:**
      **Nicholas Trent Console**

**PAINTER, Judge.**

Defendant pled guilty to two counts of possession of methamphetamine and/or cocaine, possession of stolen property, and possession of testosterone. Defendant was sentenced as follows: 1) docket number 124571, possession of methamphetamine, five years at hard labor; 2) docket number 124576, possession of stolen property, five years at hard labor, to run concurrently to docket number 124571; 3) docket number 125998, possession of methamphetamine and cocaine, five years at hard labor, to run consecutively to docket numbers 124571 and 124576 and concurrently with docket number 127642, suspended, with five years probation, effective upon release from the first two sentences, and a $2,000.00 fine and court costs over the probation period; and, 4) docket number 127642, possession of testosterone, five years at hard labor, also to run consecutively to docket numbers 124571 and 124576 and concurrently with docket number 125998, suspended, with five hears probation. Defendant is now before this court on appeal, asserting that his total sentence of ten years is excessive. For the following reasons, we affirm his sentences but remand the matter to the trial court for establishment of a payment schedule for the fine and court costs imposed.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant, Nicholas Trent Console, was charged in four bills of information on three separate dates. On June 29, 2006, he was charged in docket number 124571, with possession of methamphetamine, in violation of La.R.S. 40:967(C), and in docket number 124576, with possession of stolen property, in violation of La.R.S. 14:69. On October 12, 2006, Defendant was charged in docket number 125998, with possession of methamphetamine and cocaine, in violation of La.R.S. 40:967(C).

1

Finally, on March 12, 2007, he was charged in docket number 127642, with possession of testosterone, in violation of La.R.S. 40:968(C).

On March 7, 2007, Defendant pled guilty to the charges in docket numbers 124571, 124576, and 125998, two counts of possession of methamphetamine and/or cocaine and possession of stolen property. The minutes of the guilty plea indicate that charges in unrelated docket numbers 124574, 124575 and 124577-79 were dismissed upon the payment of damages of $542.82 by Monday, March 12, 2007. On March 12, 2007, Defendant pled guilty to the charge in docket number 127642, possession of testosterone.

Defendant was sentenced on May 22, 2007, in all four dockets, as follows: 1) docket number 124571, possession of methamphetamine, five years at hard labor; 2) docket number 124576, possession of stolen property, five years at hard labor, to run concurrently to docket number 124571; 3) docket number 125998, possession of methamphetamine and cocaine, five years at hard labor, to run consecutively to docket numbers 124571 and 124576 and concurrently with docket number 127642, suspended, with five years probation, effective upon release from the first two sentences, and a $2,000.00 fine and court costs over the probation period; and, 4) docket number 127642, possession of testosterone, five years at hard labor, also to run consecutively to docket numbers 124571 and 124576 and concurrently with docket number 125998, suspended, with five years probation. The State's Motion to Dismiss all remaining charges was granted. A Motion to Reconsider Sentence was filed on June 14, 2007, and subsequently denied without a hearing. Defendant now appeals, asserting that his total sentence of ten years is excessive.

## DISCUSSION

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent in that the trial court failed to establish a determinate payment plan for the fine and court costs ordered as conditions of probation.

"This court has found error patent when the trial court fails to establish a payment plan for fees ordered as conditions of probation." *State v. Theriot*, 04-897, 04-898, p. 7 (La.App. 3 Cir. 2/9/05), 893 So.2d 1016, 1021. In this case, as a condition of probation for the sentence imposed on the conviction of possession of methamphetamine and cocaine, docket number 125998, the trial court ordered that Defendant pay a fine of $2,000.00 "plus the court costs over his period of probation." However, the trial court failed to set a monthly payment amount. Therefore, pursuant to *State v. Stevens*, 06-818, p. 3 (La.App. 3 Cir. 1/31/07), 949 So.2d 597, 600, wherein we noted that the payment plan "may be determined by the trial court or formulated by Probation and Parole and approved by the trial court[,]" we find that the trial court's order is insufficient to constitute a determinate payment plan. Consequently, we remand the case to the trial court with instructions to establish a payment schedule for the fine and court costs ordered as conditions of probation; either or both of these amounts may be determined by the trial court or formulated by Probation and Parole and approved by the trial court.

*Excessiveness of Sentence*

In his sole assignment of error, Defendant argues that his ten-year sentence for drug possession is excessive because the trial court did not consider the needs of his family for support, his employment and other conduct since his arrest, his being the

3

caregiver for his grandmother, his eligibility for a suspended sentence, and his "immediate confession and cooperation in the case." Defendant also maintains that the trial court should not have considered his unsuccessful substance abuse treatment as an aggravating factor.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

4

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Defendant faced a total possible sentence of twenty-five years and a total possible fine of $18,000.00. First, the penalty for possession of methamphetamine and/or cocaine is imprisonment for not more than five years, with or without hard labor, and a possible fine of not more than $5,000.00. La.R.S. 40:967(C)(2). The trial court did not impose a ten-year sentence for this offense in docket number 124571, as alleged by Defendant, but instead, ordered a sentence of five years, the maximum possible jail time for this offense. Defendant was spared a possible $5,000.00 fine. Further, Defendant's five-year sentence for possession of methamphetamine and cocaine in docket number 125998, which was ordered to run consecutively to docket number 124571, was suspended; thus, Defendant will not be subjected to additional jail time unless he violates his probation. Defendant, however, was ordered to pay $2,000.00 and court costs but was not required to begin payment until his release on probation.

The penalty for possession of stolen property valued at $500.00 or more is up to ten years imprisonment, with or without hard labor, or a possible fine of not more than $3,000.00, or both. La.R.S. 14:69. Thus, Defendant's five-year hard labor sentence was half of the possible maximum sentence he could have received for this offense, and he was not fined. Further, the sentence was ordered to run concurrently to the five-year sentence in docket number 124571, which did not result in any additional jail time.

Defendant's conviction for possession of testosterone carries a sentence of not more than five years, with or without hard labor, and a possible fine of not more than $5,000.00. La.R.S. 40:968(C). Thus, Defendant received the maximum possible

sentence. The sentence, however, was ordered to run consecutively to his sentence in docket number 124571 and was suspended. Thus, the sentence will not result in additional jail time unless Defendant violates his probation. Further, Defendant was not fined.

Lastly, Defendant received a significant benefit from his plea agreement. Although the actual number of offenses that were dismissed is not exactly clear from the record, the trial court observed from Defendant's pre-sentence investigation report that a large number of charges had been dropped. The State indicates in its brief that thirty-six pending charges were dismissed for his guilty pleas. The court minutes dated December 19, 2006 reflect the following pending charges in docket numbers 124552-124579, which include the charges in the instant case, with the exception of docket number 125998: twelve counts of dogfighting, two counts of cruelty to animals, possession of marijuana, four counts of possession of a controlled dangerous substance, possession of drug paraphernalia, theft, simple criminal damage to property, possession of stolen things, two counts of theft, and simple criminal damage to property. Considering same, Defendant faced a significant amount of jail time and possible fines as a result of his criminal activity.

In Defendant's Motion to Reconsider Sentence, he argues that the trial court failed to consider the aggravating and mitigating circumstances under the sentencing guidelines set forth in La.Code Crim.P. art. 894.1. In mitigation, Defendant stressed the following: 1) he has two children and was paying child support; 2) he has maintained gainful employment and been a productive citizen since his arrest; 3) he was living with and caring for his elderly maternal grandmother; 4) no weapons were used in the commission of the offenses; 5) his conduct did not cause or threaten

6

serious harm; 6) he was eligible for probation and/or home incarceration; and 7) he has been a lifelong resident of Louisiana.

On appeal, as noted above, Defendant incorrectly states that his sentence takes him "out of society for 10 years," rather than five. In addition to reasserting some of the claims set forth in his Motion to Reconsider Sentence, Defendant now complains that the trial court did not address his drug addiction and that it should not have considered Defendant's unsuccessful substance abuse treatment as an aggravating circumstance. However, pursuant to La.Code Crim.P. art. 881.1, Defendant's failure to include this specific ground in his Motion to Reconsider Sentence precludes him from urging same for the first time on appeal. Accordingly, Defendant's new allegation is not properly before this court and will not be considered herein. *See State v. Grogan*, 00-1800 (La.App. 3 Cir. 5/2/01), 786 So.2d 862.

At sentencing, defense counsel told the trial court that Defendant was living with and caring for his eighty-one year old grandmother, who along with his recently deceased grandfather, had raised him since the age of seven. The trial court was informed of Defendant's employment status, earning $22.50 an hour, and that he was paying $450.00 in child support to his ex-wife. It was also reported to the trial court that Defendant had participated in drug rehabilitation in the previous year and was eligible for probation. The trial court subsequently sentenced Defendant, setting forth the following reasons for same:

THE COURT:

The Court has gone over a very thorough pre-sentence investigation. Some of this information had come to me simply because Mr. Console has been a regular appearer before the Court on its criminal docket. And I've been the judge who's presided over all his appearances. I say it on one hand, but then, on the other hand his felony, was that out of Cameron Parish or was that out of somewhere --

MS. JONES:

No, sir. That was in Calcasieu.

THE COURT:

That was out of Calcasieu; that's right. But he appeared before this Court on three felonies and they are serious felonies.

He exhibits a history of addictive behavior and although you tell the Court that he has had some therapy, his attempts at outpatient treatment for his substance abuse has not been successful.

The large number of charges which are being dropped in connection with this plea indicate a pattern of criminal behavior, a much broader pattern of criminal behavior than just the three charges would indicate.

The Court feels like he is a good candidate for custodial environment, that it would be good for him and the community.

The report says that he owes child support but the mother of the child accepts less. It doesn't say how much less she has to accept. So, the Court finds that there's not that much impact to innocent persons for his incarceration.

These charges are for some of the more dangerous drugs, amphetamine -- methamphetamines and cocaine are destructive drugs and any lesser sentence would diminish the importance -- the severity of the crime.

The defendant also exhibits a high risk of recidivism.

Considering the information relayed to the trial court at sentencing and the information noted by the trial court in Defendant's pre-sentence investigation report, we find that the trial court adequately considered both the mitigating and aggravating circumstances in the instant case. Additionally, Defendant received a significant benefit from his plea bargain. Accordingly, we find that Defendant's total sentence of five years is not excessive and is, therefore, affirmed.

**DECREE**

For all of the foregoing reasons, Defendant's sentences are affirmed. However, the matter is remanded to the trial court with instructions to establish a payment

schedule for the fine and court costs imposed pursuant to *State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597.

**AFFIRMED AND REMANDED.**