**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-273

STATE OF LOUISIANA

VERSUS

WILBURN STROTHER

************

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 74511
HONORABLE JOHN C. FORD, DISTRICT JUDGE

************

**MICHAEL G. SULLIVAN**
**JUDGE**

************

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

Asa A. Skinner
District Attorney
Terry W. Lambright
Assistant District Attorney
Post Office Box 1188
Leesville, Louisiana 71446
(337) 239-2008
Counsel for:
        State of Louisiana

Annette Fuller Roach
Louisiana Appellate Project
Post Office Box 1747
Lake Charles, Louisiana 70602
(337) 436-2900
Counsel for Defendant/Appellant:
        Wilburn Strother

**SULLIVAN, Judge.**

Defendant, Wilburn Strother, was charged by bill of information with possession of methamphetamine, a violation of La.R.S. 40:967; possession of drug paraphernalia, a violation of La.R.S. 40:1023; and reckless operation of a motor vehicle, a violation of La.R.S. 14:99. Defendant pled guilty to possession of methamphetamine, and the remaining charges were dropped.

Defendant was sentenced on December 23, 2008, to serve five years at hard labor with credit for time served. On January 8, 2009, Defendant filed a Motion to Reconsider Sentence which was summarily denied. Defendant is now before this court on appeal, asserting that his sentence is excessive. For the following reasons, Defendant's sentence is affirmed.

## FACTS

The facts set forth at Defendant's guilty plea hearing indicate that a 911 call was made on January 2, 2007, concerning a domestic dispute involving Defendant. When Defendant was later confronted during a traffic stop, he was found to be in possession of methamphetamine.

## ASSIGNMENT OF ERROR

In his sole assignment of error, Defendant argues that the trial court erred in imposing the maximum sentence of five years at hard labor for one count of possession of methamphetamine. In *State v. Brandenburg*, 06-1158, p. 28 (La.App. 3 Cir. 2/7/07), 949 So.2d 625, 644, *writs denied*, 07-538, 07-614 (La. 10/26/07), 966 So.2d 571, 573, this court stated:

> The trial court has wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed constitutionally excessive absent a manifest abuse of discretion. *State v. Evans*, 97-504 (La.App. 3 Cir. 10/29/97); 702 So.2d 1148, *writ*

1

*denied*, 97-2979 (La.4/3/98); 717 So.2d 231. This court, in *State v. Dubroc*, 99-730, p. 22 (La.App. 3 Cir. 12/15/99); 755 So.2d 297, 311, noted:

> The relevant question on review of a sentence is whether the trial court abused its broad sentencing discretion and not whether the sentence imposed may appear harsh or whether another sentence might be more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). To constitute an excessive sentence, this court must find the penalty imposed is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals; and, therefore, it is nothing more than needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96); 670 So.2d 713.

*State v. Boudreaux*, 00-1467, p. 12 (La.App. 3 Cir. 4/4/01), 782 So.2d 1194, 1201, *writ denied*, 01-1369 (La.3/28/02), 812 So.2d 645 (quoting *State v. Dubroc*, 99-730, p. 22 (La.App. 3 Cir. 12/15/99), 755 So.2d 297, 311). "As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender." *State v. Hall*, 35,151, p. 4 (La.App. 2 Cir. 9/26/01), 796 So.2d 164, 169.

On appeal, Defendant argues that the drugs at issue were possessed for personal use and that rehabilitation is the preferred method of treating substance abuse rather than long periods of incarceration. Additionally, Defendant contends that his prior felony offenses were old, having occurred during his relative youth, and that his prior offenses were not in the same crime family as the instant offense. Defendant maintains that the lengthy period that he led a law-abiding life should have been considered in mitigation by the trial court.

Defendant, however, failed to include these specific grounds in his motion to reconsider sentence as required by La.Code Crim.P. art. 881.1. Consequently,

Defendant is precluded from urging same for the first time on appeal, and thus, the new allegations are not properly before this court and will not be considered herein. *See State v. Grogan*, 00-1800 (La.App. 3 Cir. 5/2/01), 786 So.2d 862.

Pursuant to La.R.S. 40:967(C)(2), the maximum possible sentence for possession of methamphetamine is five years, with or without hard labor, and a possible fine of up to $5,000.00. Defendant received the maximum possible sentence but was spared a fine. Defendant argues on appeal that he is not the worst type of offender and, thus, that he should not have received the maximum sentence.

At sentencing, the trial court stated that it considered the sentencing guidelines under La.Code Crim.P. art. 894.1 and the information contained in Defendant's Pre-Sentence Investigation Report (PSI). The PSI indicated that the instant offense was Defendant's third felony conviction. As such, the trial court noted that Defendant was not entitled to a suspended sentence. The trial court also addressed Defendant's history of burglary charges and a pending charge of domestic abuse battery. The trial court found that Defendant was at risk for committing another felony and that a lesser sentence would deprecate the seriousness of the offense.

The State asserts on appeal that although Defendant is classified by Probation and Parole as a third felony offender, the instant conviction is his fifth felony conviction. The PSI confirms that the instant offense was Defendant's fifth felony conviction. The State also correctly points out that Defendant's prior felony probation was revoked due to the commission of another felony for which he was subsequently convicted.

In support of his claim that he is not the worst type of offender and should not have received the maximum sentence, Defendant refers to *State v. Jason*, 03-1565

3

(La.App. 3 Cir. 6/30/04), 879 So.2d 360. In *Jason*, the twenty-seven-year-old defendant, a second felony offender, received a three-year sentence for possession of cocaine, a Schedule II controlled dangerous substance with the same penalty provision as methamphetamine. His prior offense was possession of cocaine.

Defendant also contrasts his case against *State v. Graham*, 35,184 (La.App. 2 Cir. 10/31/01), 799 So.2d 645, *writ denied*, 02-59 (La. 11/08/02), 828 So.2d 1114, wherein the defendant received the maximum five-year sentence for possession of cocaine. In addition to the possession conviction, the defendant was also convicted of two counts of distribution of cocaine and received concurrent sentences of fifteen and twenty years, the first five years without benefits. The defendant sold crack cocaine to an undercover agent on two occasions and was in possession of crack cocaine at the time of his arrest. He admitted having a previous conviction for a drug offense. On appeal, the court noted that the defendant's drug use extended beyond personal use and, thus, qualified him as the "worst type of possession offender." *Id.* at 650.

Cases involving possession of methamphetamine were also found in the jurisprudence. In *State v. Console*, 07-1422 (La.App. 3 Cir. 4/30/08), 981 So.2d 875, the defendant pled guilty to two counts of possession of methamphetamine and cocaine and was sentenced to five years at hard labor on each count. The defendant also pled guilty to possession of stolen property and possession of testosterone. In exchange for the defendant's guilty plea, thirty-six pending charges were dismissed.[1] On appeal, the defendant's claim that his sentence was excessive was rejected. The

---

[1]The pending charges included "twelve counts of dogfighting, two counts of cruelty to animals, possession of marijuana, four counts of possession of a controlled dangerous substance, possession of drug paraphernalia, theft, simple criminal damage to property, possession of stolen things, [and] two counts of theft." *Id.* at 879.

4

appellate court noted that the trial court had "adequately considered both the mitigating and aggravating circumstances" and that the defendant had "received a significant benefit from his plea bargain." *Id.* at 881.

In *State v. Smith*, 43,136 (La.App. 2 Cir. 4/23/08), 981 So.2d 200, the defendant was charged with possession of methamphetamine and found guilty as charged following a jury trial. He was sentenced to four years at hard labor. A truck in which the defendant was a passenger was stopped by officers. A "dugout" pipe, electronic scales, and suspected illegal drugs were discovered during a pat-down search. After the defendant was arrested and transported to the station, a bag containing 1.7 grams of methamphetamine was found in the patrol unit. The defendant admitted that the bag belonged to him. The defendant did not challenge his sentence on appeal.[2]

Lastly, in *State v. Bellow*, 07-824 (La.App. 5 Cir. 3/11/08), 982 So.2d 826, the defendant was charged with possession of methamphetamine and found guilty as charged following a trial by jury. He was sentenced to two years at hard labor. During an undercover investigation for narcotic activity, the defendant was observed acting suspiciously and was stopped for several traffic violations. A pat-down search revealed that the defendant had a clear plastic bag containing methamphetamine in his pocket. The defendant did not challenge his sentence, and no other facts regarding sentencing were discussed on appeal.

Although Defendant's actions in the instant case do not rise to the level of those of the defendant in *Graham*, Defendant, nonetheless, has a significant history

---

[2]The defendant argued on appeal that the trial court erred in denying his motion for a mistrial after a sheriff's deputy stated on direct examination that the defendant had told him that he was a convicted felon. The appellate court affirmed the defendant's conviction and sentence.

of felony crimes. Considering the sentences imposed for similar crimes, in addition to Defendant's criminal history, the maximum sentence does not shock this court's sense of justice. The trial court did not abuse its discretion by imposing the five-year maximum sentence.

## DECREE

Defendant's sentence is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.