NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-1082


STATE OF LOUISIANA

VERSUS

TAVARES CHARLES


**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. CR-2015-0458
HONORABLE JOEL G. DAVIS, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Billy Howard Ezell, Shannon J. Gremillion, and David Kent Savoie, Judges.


**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED; AND REMANDED WITH INSTRUCTIONS.**

**Paula Corley Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Tavares Charles**

**Herbert Todd Nesom**
**District Attorney**
**Thirty Third Judicial District Court**
**P. O. Box 839**
**Oberlin, LA 70655**
**(337) 639-2641**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**EZELL, Judge.**

The defendant, Tavares Charles, was charged by bill of information with multiple drug offenses, one count of obstruction of justice, and one count of resisting an officer. After initially entering a plea of not guilty, the defendant later entered a plea of no contest to possession with intent to distribute marijuana, Count 1 of the bill of information. The remaining charges were dismissed. The court ordered a presentence investigation report, and on August 27, 2015, the defendant was sentenced to serve ten years at hard labor with five years suspended. Upon his release from incarceration, the defendant is to be placed on supervised probation for three years subject to the conditions outlined in La.Code Crim.P. art. 895 and other special conditions.

The defendant is before this court appealing his conviction and sentence. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967) alleging the record contains no non-frivolous issues for appeal; thus, she requests this court grant her accompanying motion to withdraw. This court granted the defendant until January 21, 2016, to file a pro se brief if he so desired. To date, no brief has been filed. For the following reasons, this court affirms the defendant's conviction and sentence and grants appellate counsel's motion to withdraw.

## FACTS

On or about September 23, 2014, the defendant knowingly and intentionally possessed with the intent to distribute marijuana.

# ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are two errors patent.

The trial court imposed fees as conditions of probation, including a $1,000.00 fine; $250.00 cost of prosecution assessment to the District Attorney's Office; $250.00 assessment to the Public Defender's Office; and court costs, which the judge stated included a $100.00 assessment for the DARE program, $50.00 for drug education, and a $250.00 Southwest Crime Lab fee.

A payment plan was not established for the aforementioned fees imposed as conditions of probation. In *State v. Arisme*, 13-269, pp. 3-4 (La.App. 3 Cir. 10/9/13), 123 So.3d 1259, 1262, this issue was addressed by this court:

> First, as a condition of probation, the trial court ordered a $250.00 fee to the Louisiana Crime Lab, for which a payment plan was not established. In *State v. Wagner*, 07-127, pp. 7-8 (La.App. 3 Cir. 11/5/08), 996 So.2d 1203, 1208, this court held in pertinent part:
>
>> When the fines and costs are imposed as a condition of probation, but the trial court is silent as to the mode of payment or the trial court attempts to establish a payment plan, this court has required a specific payment plan be established. *See State v. Theriot*, 04-897 (La.App. 3 Cir. 2/9/05), 893 So.2d 1016 (fine, court costs, and cost of prosecution); *State v. Fuslier*, 07-572 (La.App. 3 Cir. 10/31/07), 970 So.2d 83 (fine and costs); *State v. Console*, 07-1422 (La.App. 3 Cir. 4/30/08), 981 So.2d 875 (fine and court costs).
>>
>> We view this procedure as no different from payment plans for *restitution*. *See State v. Dean*, 99-475 (La.App. 3 Cir. 11/3/99), 748 So.2d 57, *writ denied*, 99-3413 (La.5/26/00), 762 So.2d 1101 (restitution only), *State v. Reynolds*, 99-1847 (La.App. 3 Cir. 6/7/00), 772 So.2d 128 (restitution, fine, and costs), *State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597 (restitution, fine, court costs, and reimbursement to Indigent Defender Board), and *State v. Fontenot*, 01-540 (La.App. 3 Cir. 11/7/01), 799 So.2d 1255 (restitution,

2

court costs and payments to victim's fund, Indigent Defender Board, and District Attorney).

We, therefore, remand this case to the trial court for establishment of a payment plan for the fine, noting that the plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court. *See Stevens*, 949 So.2d 597.

Similarly, the trial court's ordering the payment to the crime lab fund during the period of probation is an insufficient payment plan. We also remand the case to the trial court for establishment of a payment plan for these costs, noting that the plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court. *See Stevens*, 949 So.2d 597.

This issue has been similarly resolved in other cases. *See State v. LaCombe*, 09-544 (La.App. 3 Cir. 12/9/09), 25 So.3d 1002, and *State v. Snelling*, 09-1313 (La.App. 3 Cir. 5/5/10), 36 So.3d 1060, *writ denied*, 10-1301 (La.12/17/10), 51 So.3d 16. Accordingly, we remand this case to the trial court for the establishment of a payment plan for the fee, noting that the plan may either be determined by the trial court or by the Department of Probation and Parole with approval by the trial court. *See Stevens*, 949 So.2d 597.

Likewise, this case is remanded to the trial court for the establishment of a payment plan for the fees and costs imposed as conditions of probation. The plan may either be determined by the trial court or by the Department of Probation and Parole with approval by the trial court.

Next, the trial court failed to set the amount of the probation supervision fee. At sentencing, the judge informed the defendant, "You are required to pay the monthly supervision fee to the State." Louisiana Code of Criminal Procedure Article 895.1 requires the imposition of a supervision fee of not less than $60.00 nor more than $100.00 to defray the cost of supervision. A similar issue was before this court in *State v. Desoto*, 06-1115, pp. 3-4 (La.App. 3 Cir. 3/14/07), 968 So.2d 146, 147-48, *rev.d on other grounds*, 07-1804 (La. 3/17/09), 6 So.3d 141:

[T]he trial court failed to impose a supervision fee as a condition of the defendant's probation. The trial court ordered the defendant to

3

"pay the probation and other fees as required by law and regulation," but failed to specify a monthly probation supervision fee. Louisiana Code of Criminal Procedure Article 895(A) provides in pertinent part: "When the court places a defendant on probation, it shall require the defendant to refrain from criminal conduct and to pay a supervision fee to defray the costs of probation supervision . . ." Article 895.1(C) further provides that the supervision fee must be paid monthly and must not be less than $50.00 nor more than $100.00.

This court has stated the following regarding a trial court's failure to set a probation supervision fee:

> When remanding a case for imposition of a supervision fee as a condition of probation, this court has stated:
>
>> The defendant's sentence does not necessarily have to be vacated if the trial court decides to set the minimum monthly supervision fee. *See State v. Harris*, 93-1098 (La.1/5/96); 665 So.2d 1164. In *Harris*, the Louisiana Supreme Court remanded the case and gave the trial court the option of amending the court minutes to reflect the change in sentence without bringing the inmate to court. The court stated that the district judge retains the discretion to vacate the sentence originally imposed and to resentence the inmate in open court. *Harris* allowed ministerial corrections of the record in instances where the trial court failed to impose special restrictions required by law. However, the trial court has some discretion in setting the probation supervision fee, as it can impose a fee between twenty and one hundred dollars per month. Therefore, if the trial court opts to assess the minimum fee required by law, it can correct the sentence in accordance with the procedures set forth in *Harris*. However, if the trial court wishes to set a higher fee, the trial court should vacate defendant's sentence and resentence him in open court. Therefore, although we affirm the defendant's conviction, we must remand the case to the trial court with instructions to set a monthly probation supervision fee to be paid in accordance with article 895.1(C).

*State v. Iles*, 96-256 (La.App. 3 Cir. 11/6/96); 684 So.2d 38 at 40-41.

4

> Likewise, we remand for the trial court to impose and set the amount of a supervision fee. If the trial court sets the amount at the minimum fee, the trial court can correct the sentence by following the procedures set forth in *Harris*. If, however, the trial court wishes to set a higher fee, the sentence must be vacated and the Defendant resentenced in open court.

*State v. Bey*, 03-277, pp. 12-13 (La.App. 3 Cir. 10/15/03), 857 So.2d 1268, 1276-77. *See also State v. Johnson*, 04-1266 (La.App. 3 Cir. 2/2/05), 893 So.2d 945.

In accordance with the jurisprudence set forth above, the present case is remanded for the trial court to impose a supervision fee as a condition of the defendant's probation. The trial court should follow the procedure set forth in *Harris* if it imposes the minimum supervision fee. If, however, it chooses to impose a higher fee, the trial court must vacate the sentence imposed and resentence the defendant in open court.

Accordingly, we also remand for the imposition of a supervision fee.

## *ANDERS* ANALYSIS

Pursuant to *Anders*, the defendant's appellate counsel filed a brief stating that she made a conscientious and thorough review of the trial court record and could find no non-frivolous errors on appeal. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings,

5

> minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

*Id.* at 531.

Appellate counsel's *Anders* brief must indicate a review of the record and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

In her *Anders* brief, appellate counsel points out that the trial court fully informed the defendant of his rights at the guilty plea proceeding and that the defendant knowingly and voluntarily entered his plea of no contest. Additionally, appellate counsel notes that the defendant properly waived his right to an initial entry of a plea of not guilty. Even if he did not waive his initial right to plead guilty, the error is harmless. Finally, appellate counsel notes that the argument made at sentencing concerning consideration of a new sentencing scheme has no merit and that the sentence imposed is not excessive.

Pursuant to *Anders*, 386 U.S. 738, and *Benjamin*, 573 So.2d 528, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. Our review revealed the defendant was properly charged in the bill of information, and he was present and represented by counsel at all crucial stages of the proceedings. The defendant waived counsel for the purpose of entering a plea of not guilty at arraignment, which was not a critical stage of the proceedings in this case. *See State v. Tarver*, 02-973, 02-974, 02-975 (La.App. 3 Cir. 3/12/03), 846 So.2d 851, *writ denied*, 03-1157 (La. 11/14/03), 858 So.2d 416. Additionally, the defendant entered a free and voluntary plea after he was advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). These rights were also set forth in a written plea form signed

6

by the defendant. According to the guilty plea transcript, the defendant had an eleventh-grade education and indicated he could read, write, and understand the English language. The trial court advised the defendant of the penalty range he was facing for possession with the intent to distribute marijuana. Additionally, the defendant indicated he had not been forced, threatened, or coerced in any way to enter a plea. He affirmed he was entering the plea freely and voluntarily. Considering the colloquy between the trial court and the defendant, we find that the trial court properly *Boykinized* the defendant and that the defendant voluntarily and knowingly entered his plea of no contest to possession with the intent to distribute marijuana. Finally, the defendant's sentence is legal with the exception of the errors patent discussed above.

Appellate counsel correctly notes that the recent amendment to La.R.S. 40:966 makes significant changes to the penalties for *possession* of marijuana but that the punishment for *possession with the intent to distribute* marijuana remains unchanged since the commission of the offense in this case. The sentencing range for possession with the intent to distribute marijuana is five to thirty years at hard labor and a fine of not more than $50,000.00. Counsel is correct in her assertion that the defendant's sentence of ten years, with five years suspended, is not excessive considering the defendant is a second felony offender, the state dismissed five charges, and the state also agreed to not file a habitual offender bill against him. Finding no non-frivolous issues, this court grants counsel's motion to withdraw.

**DECREE**

The defendant's conviction and sentence are affirmed. However, the case is remanded to the trial court for the establishment of a payment plan for the fees and

7

costs imposed as conditions of probation noting that the plan may either be determined by the trial court or by the Department of Probation and Parole with approval by the trial court. Additionally, the trial court must set the amount of the supervision fee it imposed as a condition of the Defendant's probation. It should follow the procedure set forth in *State v. Harris*, 93-1098, 94-2243 (La. 1/5/96), 665 So.2d 1164, if it imposes the minimum supervision fee. If, however, it chooses to impose a higher fee, the trial court must vacate the sentence imposed and resentence the defendant in open court. Counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED; AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.