STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-818

STATE OF LOUISIANA

VERSUS

ALBERT STEVENS, JR.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 10426-93
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

EN BANC

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, John D. Saunders, Oswald A. Decuir, Jimmie C. Peters, Marc T. Amy, Michael G. Sullivan, Glenn B. Gremillion, Elizabeth A. Pickett, Billy H. Ezell, J. David Painter, and James T. Genovese, Judges.

SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED; AND REMANDED WITH INSTRUCTIONS.

John F. DeRosier
District Attorney, 14th Judicial District
P. O. Box 3206
Lake Charles, LA 70602-3206
Counsel for Appellee:
     State of Louisiana

Edward K. Bauman
Louisiana Appellate Project
P. O. Box 1641
Lake Charles, LA 70602-1641
Counsel for Defendant-Appellant:
     Albert Stevens, Jr.

Albert Stevens, Jr.
1702 Harless Street
Lake Charles, LA 70601
     Pro Se

Painter, Judge.

Defendant, Albert Stevens, Jr., appeals the sentence imposed in connection with his conviction on three counts of simple robbery. Appellant's counsel on appeal has filed a motion to withdraw as counsel of record for Defendant pursuant to the procedures outlined in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). For the following reasons, we affirm Defendant's sentence and grant the motion to withdraw. However, we remand this matter to the trial court with instructions to impose a payment plan for the fine, court costs, and restitution while Defendant is present.

FACTS

Defendant was accused of having robbed the clerks at various convenience stores in Calcasieu Parish on June 10, 28, and 29, 1993, while armed with weapons including a knife, a pair of scissors, and a box cutter. In August 1993, he was charged by bill of information with three counts of armed robbery pursuant to La.R.S. 14:64. He pled not guilty to those charges. Defendant failed to appear for trial on June 26, 1995, and a bench warrant was issued. Defendant was apprehended in Mississippi and sent back to face trial. The State, on June 21, 2005, amended the bill of information to reflect three counts of simple robbery. Defendant pled guilty to all counts. He was sentenced to six years hard labor on each count, with all the sentences to run concurrently. Four years of each sentence was suspended, and the trial court ordered Defendant to be placed on four years supervised probation upon his release from prison. Defendant appeals.

DISCUSSION

*Error Patent Review*

After reviewing the record for errors patent pursuant to La.Code Crim.P. art. 920, we find two items involving special conditions of probation which this court has previously deemed errors patent. However, upon reconsideration, we now find the trial court's handling of these matters to be correct.

Along with other conditions of probation, the trial court imposed the following special conditions:

> 1) $125.00 restitution to Mr. Levine to be paid over the duration of the supervised probation.
>
> 2) A $1,000.00 fine and court costs on each count, to be paid over the period of probation on a schedule worked out by Probation and Parole and approved by the Court before implementation.
>
> 3) A $150.00 reimbursement to the Indigent Defender Board to be spread out over the 48 months of supervised probation.

This court has previously held that similar provisions as to payment are not acceptable and that the trial court must announce the payment plan in ordering payment over a term. *See State v. Brack*, 99-1103 (La.App. 3 Cir. 3/1/00), 758 So.2d 310; *State v. Thomas*, 05-1051 (La.App. 3 Cir. 3/1/06), 924 So. 2d 1146; *State v. Moore*, 595 So.2d 334 (La.App. 3 Cir. 1992). According to the version of La.Code Crim.P. art. 895.1(A) in effect in 1993 when the offenses were committed, the restitution payment "shall be made, in the discretion of the court, *either in a lump sum or in monthly installments* based on the earning capacity and assets of the defendant." (Emphasis added.) Further, because these conditions of probation are a part of Defendant's sentences, the payment plan must be imposed in Defendant's presence. La.Code Crim.P. art. 835.

Upon reconsideration, we find nothing in the statute which prohibits the trial court from seeking assistance from outside sources, including Probation and Parole, in formulating the appropriate payment plan. In fact, Probation and Parole may be in a better position to formulate a workable payment schedule than is the trial court. In taking advantage of this assistance, the trial court in no way cedes its responsibility to impose the payment plan, and it only becomes effective upon approval of the trial court. Therefore, we overrule this court's previous decision in *State v. Brack*, 758 So.2d 310.

Therefore, we find no error in the trial court's ruling as to the payment of fines and court costs. However, the trial court ordered Defendant to pay the restitution "over the duration of the supervised probation" and to reimburse the Indigent Defender Board "over the 48 months of supervised probation." These provisions are inadequate in that they do not either provide the monthly payment schedule with which the Defendant is to comply or provide for a payment plan to be formulated by Probation and Parole and approved by the trial court. Accordingly, we remand the case to the trial court with the instruction that the court impose a payment plan for restitution and for payment of the Indigent Defender Board which comply with the requirements of La.Code Crim.P. art. 895.1(A) and this opinion. We reiterate that either or both of these plans may be determined by the trial court or formulated by Probation and Parole and approved by the trial court.

*Anders Review*

Defendant's counsel has filed a brief stating that he could find no error on appeal that would support reversal of Defendant's sentence. Consequently, counsel seeks to withdraw.

3

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967) and *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), this court has reviewed the record thoroughly, including pleadings, minute entries, the charging instrument, and the transcripts. Defendant was properly charged in a bill of information, was present and represented by counsel at all crucial stages of the proceedings, and entered a free and voluntary guilty plea after being properly advised of his rights pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Additionally, Defendant received legal sentences. We find no issues which would support an assignment of error on appeal. Therefore, Defendant's appellate counsel's motion to withdraw is granted.

*Sentence*

In his *pro se* assignment of error, Defendant contends that the trial court erred in sentencing him to a term of imprisonment disproportionate to the crimes.

The record indicates that Defendant did not file a motion to reconsider sentence as mandated by La.Code Crim.P. art. 881.1. "Under Article 881.1, a defendant must file a motion to reconsider the sentence setting forth the specific ground upon which the motion is based in order to raise an excessive sentence claim on appeal. *State v. Mims*, 619 So.2d 1059 (La.1993)." *State v. Theriot*, 04-897, p. 8 (La.App. 3 Cir. 2/9/05), 893 So.2d 1016, 1021. Because Defendant failed to file the required motion, this court will conduct a bare excessive sentence review.

> In *State v. Cook*, 95-2784, p. 3 (La.5/31/96), 674 So.2d 957, 959, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996), the supreme court held that when a defendant claims a sentence is excessive "[t]he only relevant question on review . . . [is] 'whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.' *State v. Humphrey*, 445 So.2d 1155, 1165 (La.1984)."

*State v. Robinson*, 05-633, p. 8 (La.App. 3 Cir. 12/30/05), 918 So.2d 1151, 1156.

4

Defendant pled guilty to three counts of simple robbery. "Whoever commits the crime of simple robbery shall be fined not more than three thousand dollars, imprisoned with or without hard labor for not more than seven years, or both." La.R.S. 14:65. Defendant was sentenced to serve six years at hard labor on each count with all sentences to run concurrently. However, the trial court suspended four years of each sentence and ordered that Defendant be placed on four years of supervised probation upon being released from prison.

Defendant asserts that he committed the offenses at issue because he was addicted to drugs. Additionally, he explains that during the ten years he was "absent from authorities," he married, had children, maintained gainful employment, and led a crime free life. Defendant argues that incarceration is inappropriate and disproportionate considering his life changing circumstances.

The offenses to which Defendant pled guilty inadequately describe the entire course of his conduct. Because he used weapons during each of the three offenses, under the armed robbery statute, he could have been given a sentence ranging from ten to ninety-nine years for each offense.

In *State v. Lanclos*, 419 So.2d 475, 478 (La.1982), the supreme court stated that:

> [W]here the offense to which the defendant has pled guilty inadequately describes his conduct, we find no abuse of the trial court's great discretion in imposing the maximum sentence possible for the crime to which the guilty plea is entered. This is particularly true where a significant reduction in potential exposure to imprisonment has been obtained through plea bargaining, and the offense involves violence to the victim.

Additionally, Defendant's sentences were ordered to run concurrently to each other even though the offenses occurred on different days and involved different

5

victims. The sentences could have been ordered to be served consecutively to each other, which would have exposed Defendant to possible imprisonment for over twenty-one years. The sentences were also ordered to run concurrently with a sentence imposed for an additional count of simple robbery in another docket number. Considered in this light, Defendant benefitted greatly by the amendment of the bill of information and the fact that his sentences were ordered to run concurrently. *See State v. Spencer*, 04-857 (La.App. 3 Cir. 12/8/04), 888 So.2d 1128.

Given the nature of the underlying convictions, there is no indication that the sentences imposed are a purposeless imposition of pain and suffering or that they are grossly disproportionate to the crimes committed. Therefore, we find no error in the sentences imposed.

CONCLUSION

Defendant's sentences are affirmed. Counsel's motion to withdraw is granted. We remand the case to the trial court with the instruction that the court impose a payment plan for restitution and for payment of the Indigent Defender Board which complies with the requirements of La.Code Crim.P. art. 895.1(A) and this opinion. We reiterate that the plan may either be determined by the trial court or be formulated by Probation and Parole and approved by the trial court.

**SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED; AND REMANDED WITH INSTRUCTIONS**.

**06-818**

**COURT OF APPEAL, THIRD CIRCUIT**

**STATE OF LOUISIANA**

**STATE OF LOUISIANA**
    **Appellee**

**VERSUS**

**ALBERT STEVENS, JR.**
    **Defendant-Appellant**

On Appeal from the Fourteenth Judicial District Court Parish of Calcasieu, Honorable G. Michael Canaday, Judge.

**O R D E R**

After consideration of Defense counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter,

IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

THUS DONE AND SIGNED this _____ day of January, 2007.

_____
Judge Ulysses Gene Thibodeaux

_____
Judge Sylvia R. Cooks

_____
Judge John D. Saunders

_____
Judge Oswald A. Decuir

_____
Judge Jimmie C. Peters

7

_____
Judge Marc T. Amy

_____
Judge Michael G. Sullivan

_____
Judge Glenn B. Gremillion

_____
Judge Elizabeth A. Pickett

_____
Judge Billy H. Ezell

_____
Judge J. David Painter

_____
Judge James T. Genovese

8