NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-571

STATE OF LOUISIANA

VERSUS

KENNETH LAKIETH MILLIGAN

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 05-1199
HONORABLE LEO BOOTHE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

OSWALD A. DECUIR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Oswald A. Decuir and Marc T. Amy, Judges.

**Thibodeaux, Chief Judge, concurs and assigns written reasons.**

AFFIRMED.

**John Frederick Johnson**
**District Attorney**
**Seventh Judicial District**
**4001 Carter Street, Suite 9**
**Vidalia, La 71373**
**(318) 336-5526**
**Counsel for Appellee:**
**State of Louisiana**

**Ann S. Siddall**
**Assistant District Attorney**
**4001 Carter Street, Suite 9**
**Vidalia, LA 71373**
**(318) 336-5526**
**Counsel for Appellee:**
**State of Louisiana**

**Charles D. Jones**
**Jones & Charles**
**141 Desiard Street, Suite 315**
**Monroe, LA 71201**
**(318) 325-2644**
**Counsel for Defendant/Appellant:**
    **Kenneth Lakieth Milligan**

**DECUIR, Judge.**

The Defendant, Kenneth Lakieth Milligan, was charged by bill of information with possession of cocaine in violation of La.R.S. 40:967. The Defendant entered a plea of guilty and was sentenced to serve five years with the Louisiana Department of Corrections. The Defendant is now before this court on appeal, asserting that his sentence is excessive.

In his only assignment of error, the Defendant contends the sentence imposed is excessive and shows little regard for the sentencing guidelines of La.Code Crim.P. art. 894.1. The Defendant argues that the trial court departed from the Louisiana Sentencing Guidelines, Section 101(A), and sentenced him much more harshly than the other co-defendants in the case. The Defendant additionally asserts that the trial court failed to consider certain mitigating circumstances. He asserts that he is a single father of an infant whose mother has recently died; he is employed, and he is enrolled at Northwestern University. The Defendant further asserts the trial court failed to consider that his criminal conduct was the result of circumstances unlikely to recur, his character and attitude indicate he is unlikely to commit another crime, and imprisonment would impose excessive hardship on his dependents.

Our review of the record shows that while defense counsel mentioned certain considerations at the sentencing hearing, no evidence was offered to prove any of these potentially mitigating factors. In fact, no testimony or evidence of any kind was offered on the Defendant's behalf at the sentencing hearing.

Additionally, the Defendant did not file a motion to reconsider sentence as mandated by La.Code Crim.P. art. 881.1 for purposes of appeal. "Under Article 881.1, a defendant must file a motion to reconsider the sentence setting forth the specific grounds upon which the motion is based in order to raise an excessive sentence claim on appeal. *State v. Mims*, 619 So.2d 1059 (La.1993)." *State v.*

*Theriot*, 04-897, p. 8 (La.App. 3 Cir. 2/9/05), 893 So.2d 1016, 1021. Accordingly, without the required motion, this court will conduct only a bare excessive sentence review. *State v. Stevens*, 06-818 (La. App. 3 Cir. 1/31/07), 949 So.2d 597.

The Defendant pled guilty to possession of cocaine in an amount greater than twenty-eight grams but less than two hundred grams. The penalty range for this offense is a term of imprisonment of not less than five years, nor more than thirty years, and a fine of not less than fifty thousand dollars, nor more than one hundred fifty thousand dollars. La.R.S. 40:967(F)(1)(a). The Defendant was sentenced to serve five years, the minimum sentence. "A minimum sentence compelled by Louisiana law is presumed not to be excessive or violative of the guidelines." *State v. Drane*, 36,230, p. 11 (La.App. 2 Cir. 9/18/02), 828 So.2d 107, 114, *writ denied*, 02-2619 (La. 3/28/03), 840 So.2d 566. The record before us is void of any evidence to rebut that presumption. Accordingly, we find the five year minimum sentence imposed in this case is not excessive.

We find no merit to the arguments presented by the Defendant in this appeal. Additionally, in accordance with La.Code Crim.P. art 920, we have reviewed this appeal for errors patent on the face of the record and find none. For the above and foregoing reasons, the Defendant's conviction and sentence are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

2

STATE OF LOUISIANA

VERSUS

KENNETH LAKIETH MILLIGAN


**THIBODEAUX, Chief Judge, concurring.**

Though the Defendant has been arrested on previous felony charges, this is his first felony conviction. Were it not for the provisions of La.R.S. 40:967(G), this Defendant's transgression, while serious, would warrant a suspension of the imposed sentence.

For the foregoing reason, I respectfully concur.