NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 11-245

STATE OF LOUISIANA

VERSUS

ROBERA CARTRELL MILO

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 302550
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Jimmie C. Peters, Judges.

CONVICTION AFFIRMED.  SENTENCE AFFIRMED
BUT REMANDED WITH INSTRUCTIONS.

James C. Downs
District Attorney - 9th JDC
701 Murray Street
Alexandria, LA 71301
(318) 473-6650
COUNSEL FOR APPELLEE:
    State of Louisiana

**Brian Davis Mosley**
**Assistant District Attorney**
**P. O. Drawer 1472**
**Alexandria, LA 71309**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**


**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Robera Cartrell Milo**

**PETERS, Judge.**

The State of Louisiana charged the defendant, Robera Cartrell Milo, with possession of cocaine, a violation of La.R.S. 40:967(C). Initially the defendant entered a not guilty plea to the charge but, on October 20, 2010, he entered a guilty plea to the charge pursuant to *State v. Crosby*, 338 So.2d 584 (La.1976), whereby he reserved his right to appeal the trial court's denial of his motion to suppress. The trial court then sentenced the defendant to pay a $500.00 fine and to pay the cost of court.[1] The trial court then suspended imposition of the sentence and placed the defendant on three years supervised probation with special conditions of probation. For the following reasons, we affirm the trial court's denial of the defenant's motion to suppress.

### DISCUSSION OF THE RECORD

On the evening of October 11, 2009, Officers Travis Lowe and Jason Mouliere of the Alexandria Police Department responded to a call from the manager of the Olympus Bar. The manager had asserted in his telephone call to the police department that patrons of the bar had complained to him that a man wearing camouflage clothing had attempted to sell them illegal narcotics. The two officers arrived at the bar around 11:30 p.m., and observed that the defendant matched the physical description provided to them and that, out of the five to seven patrons of the bar, the defendant was the only one wearing camouflage clothing. The officers then informed the defendant that a complaint had been made against him and asked him to step outside.

Officer Lowe testified at the hearing on the motion to suppress that after the three men exited the bar, he "made a quick pat down just for [his] safety to make sure [the defendant] didn't have any weapons." In conducting the pat down search, Officer

---

[1] The trial court ordered a six month period of incarceration in the parish jail in default of the payment of the fine and costs.

Lowe felt an object in the defendant's shirt pocket. He removed the object from the defendant's shirt pocket to assure himself that it was not a weapon. It was not a weapon, but rather a pack of cigarettes. After he removed the pack of cigarettes, Officer Lowe observed "a little Ziploc baggie, a clear baggie that had a white substance in it" between the cigarette pack itself and the cellophane wrapper surrounding the pack. When he commented to Officer Mouliere that the substance "look[ed] like crystal meth," the defendant volunteered the statement, "[n]o, it's Cocaine."

In his original appeal brief, the defendant asserted that Officer Lowe's search ceased to be valid under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868 (1968), after the initial frisk failed to reveal any weapons. In his reply brief he further asserted that the removal of the cigarette pack from his pocket constituted an illegal search under *Terry* and *Minnesota v. Dickerson*, 508 U.S. 366, 113 S.Ct. 2130 (1993).

In considering the defendant's arguments, we first note that "[t]he trial court's decision to deny a Motion to Suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression." *State v. Cooley*, 03-418, p. 11 (La.App. 5 Cir. 9/30/03), 857 So.2d 1209, 1216, *writ denied*, 03-3107 (La. 3/12/04), 869 So.2d 818 (footnote omitted). Still, evidence derived from an unreasonable search or seizure must be excluded from evidence at trial. *State v. Clay*, 06-37 (La.App. 5 Cir. 4/25/06), 930 So.2d 1028. Additionally, when a law enforcement officer reasonably suspects a person in a public place "is committing, has committed, or is about to commit an offense," he may question the person about his or her actions. La.Code Crim.P. art. 215.1(A). The defendant asserts in his appeal that the officers had no basis for reasonable suspicion under the facts in this case. We disagree.

In this case, the responding officers had a complaint from an identifiable person that an individual matching the defendant's description had attempted to sell narcotics

2

to Olympus Bar patrons. In fact, of the five to seven people in the bar when the officers arrived, only the defendant matched the description exactly, and the individual who called in the complaint directed the officers to the defendant. Based on the facts before us, we conclude that the officers' suspicion that the defendant had committed an offense was reasonable. La.Code Crim.P. art. 215.1(A). Thus, we find that the defendant's initial questioning was proper. *See State v. Marzett*, 09-1080 (La.App. 4 Cir. 6/9/10), 40 So.3d 1204; *State v. Taylor*, 06-558 (La.App. 5 Cir. 7/30/07), 966 So.2d 631, *writ denied*, 07-1902 (La.2/1/08), 976 So.2d 717.

We further find that Officer Lowe's pat-down search was proper.

> Once a valid stop is made "and [the stopping officer] reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person." La.C.Cr.P. art. 215.1(B). To frisk a detainee, there must be some basis for a fear of safety or a fear the suspect is armed. *State v. James*, 2007-1104, p. 6 (La.App. 4 Cir. 3/5/08), 980 So.2d 750, 754. "The officer need not be absolutely certain that the person is armed, but the officer must be warranted in his belief that his safety or that of others is in danger." *Id., quoting State v. Smith*, 94-1502, p. 5 (La.App. 4 Cir. 1/19/95), 649 So.2d 1078, 1082.

*Marzett*, 40 So.3d at 1208.

Officer Lowe justified his search based on his experience in arresting individuals for narcotics violations. He testified that he had found "pocketknives, razor blades" and other items he considered dangerous weapons inside cigarette packs in the past, and had previously arrested individuals for narcotics violations who were armed with knives. In the process of conducting the pat-down search on the defendant, he "felt a firm object" and could reasonably have suspected that the defendant possessed a dangerous weapon and that he and Officer Mouiliere were in danger. La.Code Crim.P. art. 215.1; *Marzett*, 40 So.3d 1204.

Once Officer Lowe felt the object in the defendant's shirt pocket, he was justified in removing it for his safety. Additionally, when he removed the cigarette pack, the cocaine came into plain view. Evidence in plain view may be "found and

seized without a warrant to be used against defendant where: (1) there is a prior justification for police intrusion into a protected area; (2) the evidence is discovered inadvertently; (3) it is immediately apparent without close inspection that the items are evidence or contraband." *State v. Plauche*, 09-400, p. 25 (La.App. 3 Cir. 1/6/10), 32 So.3d 852, 868, *writ denied*, 10-302 (La. 9/24/10), 45 So.3d 1070 (citing *State v. Dowling*, 387 So.2d 1165, 1169 (La.1980)). In this case, not only was it readily apparent that the substance was an illegal substance, but the defendant voluntarily informed the officers that the substance was cocaine.

Considering the record before us, we conclude that the trial court correctly denied the defendant's motion to suppress the seized cocaine.

In accordance with La.Code Crim.P. art. 920, we have also reviewed this appeal for errors patent on the face of the record. After completing our review, we conclude that there exists one error patent which we must address.

The trial court ordered the defendant to reimburse the Office of the Public Defender $250.00 as a condition of probation, but failed to establish a payment plan. In *State v. LaCombe*, 09-544, pp. 9-10, (La.App. 3 Cir. 12/9/09), 25 So.3d 1002, 1007-08, this court addressed this issue:

> As a condition of probation, the trial court ordered the Defendant to reimburse the Indigent Defender Board $100.00 without establishing a payment plan. Recently, in *State v. Wagner*, 07-128 (La.App. 3 Cir. 11/5/08), 996 So.2d 1208, this court held:
>
>> When the fines and costs are imposed as a condition of probation, but the trial court is silent as to the mode of payment or the trial court attempts to establish a payment plan, this court has required a specific payment plan be established. *See State v. Theriot*, 04-897 (La.App. 3 Cir. 2/9/05), 893 So.2d 1016 (fine, court costs, cost of prosecution); *State v. Fuslier*, 07-572 (La.App. 3 Cir. 10/31/07), 970 So.2d 83 (fine and costs); and, *State v. Console*, 07-1422 (La.App. 3 Cir. 4/30/08), 981 So.2d 875 (fine and court costs).
>>
>> We view this procedure as no different from payment plans dealing with payment for restitution. *See State v. Dean*, 99-475 (La.App. 3 Cir. 11/3/99), 748 So.2d 57, *writ*

4

*denied*, 99-3413 (La.5/26/00), 762 So.2d 1101 (restitution only); *State v. Reynolds*, 99-1847 (La.App. 3 Cir. 6/7/00), 772 So.2d 128 (restitution, fine, and costs); *State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597 (restitution, fine, court costs, and reimbursement to Indigent Defender Board); and, *State v. Fontenot*, 01-540 (La.App. 3 Cir. 11/7/01), 799 So.2d 1255 (restitution, court costs and payments to victim's fund, Indigent Defender Board, and District Attorney).

Similarly, the payment to the crime lab fund to be paid during the probationary period was an insufficient payment plan, requiring remand to the trial court for establishment of a payment plan. The plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court. *See Stevens*, 949 So.2d 597.

*Id*. at 1213.

Accordingly, we remand this case to the trial court for establishment of a payment plan for the reimbursement of the $100.00, noting that the plan may either be determined by the trial court or by the Office of Probation and Parole, with approval by the trial court. *See State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07) 949 So.2d 597.

Following the holding in *LaCombe*, we remand this matter to the trial court for the establishment of a payment plan for the $250.00 reimbursement to the Office of Public Defender with the plan either being determined by the trial court or by the Office of Probation and Parole with approval of the trial court.

## DISPOSITION

For the foregoing reasons, we affirm the trial court's rejection of the defendant's motion to suppress and remand this matter to the trial court for the establishment of a payment plan for the $250.00 reimbursement to the Office of Public Defender ordered by the trial court as a condition of probation. We affirm the conviction and sentence in all other respects.

**CONVICTION AFFIRMED. SENTENCE AFFIRMED BUT REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.