NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1064

STATE OF LOUISIANA

VERSUS

MARKELL ROBERTS

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 11-K-4678-A
HONORABLE JAMES PAUL DOHERTY JR., DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of J. David Painter, Phyllis M. Keaty, and John E. Conery, Judges.

AFFIRMED; REMANDED WITH INSTRUCTIONS.

**Earl B. Taylor**
**District Attorney**
**Jennifer M. Ardoin**
**Assistant District Attorney**
**27th Judicial District Court**
**Post Office Drawer 1968**
**Opelousas, Louisiana  70571**
**(337) 948-0551**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Teresa Culpepper Carroll**
**Bobby L. Culpepper & Assoc.**
**525 East Court Avenue**
**Jonesboro, Louisiana  71251-3497**
**(318) 259-4184**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Markell Roberts**

**CONERY, Judge.**

On May 31, 2012, a St. Landry Parish grand jury returned a bill of indictment charging Defendant, Markell Roberts, with manslaughter, a violation of La.R.S. 14:31. A jury was selected, and trial began on January 24, 2013. The jury found Defendant guilty of negligent homicide, a violation of La.R.S. 14:32, on January 25, 2013.

On August 1, 2013, the trial court denied Defendant's Motion for Post-Verdict Judgment of Acquittal. On the same date, the court sentenced Defendant to five years in the parish jail with three years suspended and the remaining two with work release. The court also ordered Defendant to pay $500 in reimbursement to the Indigent Defender Board and $8,000 to the victim's family for funeral expenses.

Defendant now appeals his conviction and sentence, assigning three errors. For the following reasons, we affirm.

## FACTS

On October 1, 2011, Defendant was leaving the Opelousas Catholic Fair with some friends and acquaintances. As they walked through a neighborhood, the victim ambushed Defendant, breaking a stick over his head. The blow drew blood. Defendant knew the victim but did not realize the identity of his assailant at first. The victim dropped the stick and backed up, saying, "Come on, come on." He put his hands up in a fighting stance. Defendant followed him for a block to the next street corner. Once at that corner, Defendant and the victim started to fight.

At some point, the fight turned into more of a grappling match. The victim tried to tackle Defendant, who foiled the attack with a headlock. After a spectator failed to break up the fight, Defendant relaxed his grip on the victim. The victim

then lifted Defendant at the waist and slammed him to the pavement. At that point, one of them held the other down, although testimony was conflicting regarding who was on top. After the struggle continued for some time, Defendant removed a folding knife from his pocket and stabbed the victim in the chest. Medical evidence indicated there were two wounds, one superficial and the other 3.75 inches deep, the full length of the blade. Both men disengaged, stood up, and walked in different directions. The victim soon collapsed and died. After returning home supposedly unaware of the victim's death, Defendant turned himself into the police and was later treated at the hospital for his injuries.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there is a harmless error, an error patent, and the court minutes of sentencing require correction.

The trial court sentenced Defendant immediately after it denied Defendant's Motion for Post-Verdict Judgment of Acquittal. Louisiana Code of Criminal Procedure Article 873 provides in pertinent part:

> If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.

In this case, however, Defendant does not argue excessiveness of his sentence on appeal and he does not claim he was prejudiced by the lack of delay. *See State v. Boyance*, 05-1068 (La.App. 3 Cir. 3/1/06), 924 So.2d 437, *writ denied*, 06-1285 (La. 11/22/06), 942 So.2d 553 and *State v. Shepherd*, 02-1006 (La.App. 3

Cir. 3/5/03), 839 So.2d 1103. Therefore, this court finds that any possible error is harmless.

Although the immediate sentencing of Defendant was harmless, the trial court did err by failing to establish a payment plan for the $8,000 in funeral expenses to be paid to the victim's family and the $500 reimbursement to the Indigent Defender Board imposed as conditions of probation. Louisiana Code of Criminal Procedure Article 895.1 requires that when restitution is imposed as a condition of probation, "The restitution payment shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant."

In *State v. Wagner*, 07-127, p. 7 (La.App. 3 Cir. 11/5/08), 996 So.2d 1203, 1208, this court held in pertinent part:

> When the fines and costs are imposed as a condition of probation, but the trial court is silent as to the mode of payment or the trial court attempts to establish a payment plan, this court has required a specific payment plan be established. *See State v. Theriot*, 04-897 (La.App. 3 Cir. 2/9/05), 893 So.2d 1016 (fine, court costs, and cost of prosecution); *State v. Fuslier*, 07-572 (La.App. 3 Cir. 10/31/07), 970 So.2d 83 (fine and costs); *State v. Console*, 07-1422 (La.App. 3 Cir. 4/30/08), 981 So.2d 875 (fine and court costs).

In *State v. Stevens,* 06-818, p. 2 (La.App. 3 Cir. 1/31/07), 949 So.2d 597, 599, this court discussed payment plans for amounts owed as conditions of probation and stated, "This court has previously held that similar provisions as to payment are not acceptable and that the trial court must announce the payment plan in ordering payment over a term."

Accordingly, we hereby remand this case to the trial court for establishment of a payment plan for the $8,000 restitution and $500 reimbursement to the Indigent Defender Board, noting that the plan may either be determined by the trial

court or by Probation and Parole, with approval by the trial court. *See Stevens*, 949 So.2d 597.

In addition to remanding the case for the error patent, the court minutes of sentencing require correction. The court minutes correctly reflect that Defendant was sentenced to five years in parish prison with three years suspended. However, the court minutes do not include the term of the probationary period, which is three years.[1] Accordingly, the trial court is instructed to correct the court minutes of sentencing to reflect the term of probation.

## ASSIGNMENTS OF ERROR

1. The jury erred, as a matter of law, in convicting the defendant of negligent homicide when the state failed to present sufficient evidence to overcome his self-defense claim.

2. The Trial Court erred, as a matter of law, in denying the defense Motion for Post-Verdict Judgment of Acquittal.

3. The Trial Court erred, as a matter of law, in denying the defense Motion for Mistrial and the alternative motions to strike the testimony at issue entirely or to submit same by proffer.

## ASSIGNMENTS OF ERROR ONE AND TWO

In his first two assignments of error, combined in brief, Defendant argues the State's evidence was insufficient to support his conviction. He does not contest that he stabbed and killed the victim, but he argues the State failed to prove he did not act in self-defense.

"Negligent homicide is . . . [t]he killing of a human being by criminal negligence." La.R.S. 14:32(A)(1). "A homicide is justifiable . . . [w]hen

---

[1] The trial court originally stated that Defendant was sentenced to five years in the parish jail with *two* years suspended and three years of probation. However, at the close of the proceedings, the court clarified, stating, "[h]e serves two, suspended *three*, thee [sic] years probation."

committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger." La.R.S. 14:20(A)(1).

Regarding self-defense in homicide cases, this court has explained:

> Defendant does not deny that he shot and killed the victim, nor did he deny it at trial. Rather, he argues that the State failed to disprove that he acted in self-defense. Killing in self-defense is governed by La.R.S. 14:20(A), which states, in pertinent part, "[a] homicide is justifiable: (1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger."

State v. Mincey, 08-1315, p. 2 (La.App. 3 Cir. 6/3/09), 14 So.3d 613, 615. Although Defendant cites a number of other cases, Mincey is analogous to the present case regarding the legal issue of whether the force used by Defendant was appropriate.

Defendant's own testimony is instructive. He claimed the victim was holding him down and would not let him up despite Defendant's repeated requests that he do so. Thus, to get free, Defendant stabbed the victim. He also testified that he had continued to lose blood from his head wound and was getting weak; further, he saw a crowd gathering at the fight scene and became uneasy because he did not recognize anybody. As this court stated in Mincey, some level of subjective fear on Defendant's part may have been reasonable.

Regarding blood loss, when Defendant went to the emergency room, he was not bleeding and denied any pain or loss of consciousness. Further, even in his own version of events, Defendant's response was excessive.

Jasmine Richard, the mother of Defendant's children, testified that the victim was on top of Defendant when the stabbing occurred. However, her friend,

5

Carleen Collins, testified that neither man had control of the other; they were both grappling and rolling on the ground. Another witness, Kaleb Thibodeaux, testified that Defendant was on top of the victim as they grappled. Kaleb's brother, Dillon Thibodeaux, testified similarly. Defendant's friend, Xavier Brown, testified that he did not see the fight, but by the time he reached the scene, "they was [sic] pulling Markell off of him."

However, as already stated, even if Defendant was under the unarmed victim, stabbing him was an excessive response. Defendant's own testimony indicated the victim had stopped punching him and was merely positioned on top of him when Defendant stabbed him.

Thus, the jury made a reasonable determination, and the assignments of error lack merit.

## ASSIGNMENT OF ERROR NUMBER THREE

In his final assignment of error, Defendant asserts that the trial court erred by denying his motion for a mistrial. We disagree. At trial, the State questioned Dillon Thibodeaux, an observer of the fight, regarding what he heard from Defendant at the conclusion of the fight. The State attempted to refresh the witness' recollection with a typed document. The typed document purportedly reflected Mr. Thibodeaux's actual hand-written statement given on the night of the incident. Counsel for Defendant claimed that Mr. Thibodeaux's written statement was missing and never turned over to the defense and that the use of the typed version of the statement was spoliation of the evidence. The argument between the State and the defense over the spoliation of the evidence revolved around La.Code Evid. art. 612, "Writing used to refresh memory." Once the objections were made and denied and the jury returned to the courtroom, Mr. Thibodeaux was asked to

6

use the typed document to refresh his recollection. Mr. Thibodeaux stated that the typed document did not refresh his recollection. Thus, there is no need for a detailed discussion of La.Code Crim.P. art. 612, as the statement presented to the witness did not refresh his memory and thus, did not lead to further direct testimony.

Furthermore, for a denial of a motion for a mistrial to be reversed on appeal, the defendant must demonstrate that prejudice occurred due to the denial of a mistrial motion. This court has explained:

> "[M]istrial is a drastic remedy that is warranted only when the defendant has suffered substantial prejudice such that he cannot receive a fair trial." *State v. Weary*, 03-3067, p. 36 (La.4/24/06), 931 So.2d 297, 321, *cert. denied*, 549 U.S. 1062, 127 S.Ct. 682, 166 L.Ed.2d 531 (2006). "The determination of whether actual prejudice has occurred lies within the sound discretion of the trial judge; this decision will not be overturned on appeal absent an abuse of that discretion." *Id*.

*State v. Jacobs*, 11-363, p. 16 (La.App. 3 Cir. 10/5/11), 74 So.3d 884, 894, *writ denied*, 11-2469 (La. 3/9/12), 84 So.3d 552.

In the present case, Defendant was not prejudiced by the denial of his motion. The words allegedly spoken by Defendant to the victim are indicative of intent to kill him and thus would have supported a conviction for manslaughter, the crime charged. In convicting Defendant of negligent homicide, an offense lacking the element of intent to kill, the jury apparently gave no weight to the alleged statement. Therefore, because the witness' memory was not refreshed with the typed document and because Defendant was convicted of a lesser offense not requiring the intent element, the denial of the motion for mistrial ultimately resulted in no prejudice to Defendant and did not amount to an abuse of the trial court's discretion.

## DISPOSITION

The conviction is affirmed. Defendant's case is remanded to the trial court for establishment of a payment plan for the $8,000 restitution to the family and the $500 reimbursement to the Indigent Defender Board, noting that the plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court. Additionally, the trial court is instructed to correct the court minutes of sentencing to include the term of probation.

**AFFIRMED; REMANDED WITH INSTRUCTIONS.**

**This opinion is NOT DESIGNATED FOR PUBLICATION.** Uniform Rules—Courts of Appeal, Rule 2-16.3.