NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-779

STATE OF LOUISIANA

VERSUS

EDWARD GARRIET, III

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 16779-19
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. LARRY VIDRINE**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Charles G. Fitzgerald, and J. Larry Vidrine\*,
Judges.

**CONVICTIONS AFFIRMED. SENTENCES VACATED.**
**REMANDED FOR RESENTENCING WITH INSTRUCTIONS**

Pickett, J., dissents and assigns reasons.

_____

\*Honorable J. Larry Vidrine participated in this decision by appointment of the Louisiana
Supreme Court as Judge Pro Tempore.

**Stephen C. Dwight**
**District Attorney, 14th Judicial District Court**
**John Eric Turner**
**Assistant District Attorney**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**Chad M. Ikerd**
**Louisiana Appellate Project**
**P. O. Box 2125**
**Lafayette, LA 70502**
**(337) 366-8994**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Edward Garriet, III**

**VIDRINE, Judge Pro Tempore.**

On July 25, 2019, Defendant, Edward Garriet, III, was charged by grand jury indictment with the following:

- **Count one** - carnal knowledge of a juvenile (J.S.), a violation of La.R.S. 14:80.

- **Count two** - indecent behavior with a juvenile (C.C.), a violation of La.R.S. 14:81(A)(2).

- **Counts three and four** - two counts of indecent behavior with a juvenile (L.F.), violations of La.R.S. 14:81(A)(2).

- **Count five** – indecent behavior with a juvenile (J.S.), a violation of La.R.S. 14:81(A)(1).

- **Count six** - indecent behavior with a juvenile (S.V.), a violation of La.R.S. 14:81(A)(2).

On June 2, 2020, Defendant withdrew his previous plea of not guilty and entered a plea of guilty to count one, carnal knowledge of a juvenile, and count five, indecent behavior with a juvenile. The remaining counts were nolle prossed by the State. On January 15, 2021, the trial court sentenced Defendant for carnal knowledge of a juvenile to ten years in the Department of Corrections and for indecent behavior with a juvenile to seven years in the Department of Corrections. The trial court suspended all but five years on each count, to run concurrently with one another. The trial court placed Defendant on supervised probation for five years, subject to the conditions set forth in La.Code Crim.P. arts. 895 and 895.1 as well as special conditions, including a $5,000.00 fine, court costs, and restitution. Defendant was also informed of his obligation to register as a sex offender for fifteen years after his release from prison.

Defendant filed a motion to reconsider sentence, which was denied by the trial court at a hearing held March 24, 2021. Thereafter, on August 23, 2021, Defendant filed a Motion for Out-of-Time Appeal, which was granted by the trial court that

same date. Now before this court is a brief filed by Defendant, alleging one assignment of error as to the excessiveness of the sentences imposed.

**FACTS:**

The following factual basis was submitted by the State at Defendant's guilty plea proceeding:

> As to the carnal knowledge of a juvenile, on or between August 1, 2018, and December 31, 2018, the defendant, Edward Garriet, III, committed carnal knowledge of a juvenile, whose initials are J.S., whose date of birth is August 5, 2002. The victim was a student at the same school wherein the defendant was a teacher and a coach. The victim is a neighbor of the defendant and a friend of his children.
>
> He was a trusted friend of the victim's father. The defendant would sometimes give the victim a ride to school. The victim was CAC'd [(interviewed at Child Advocacy Center)] on April 17, 2019, and she disclosed that on at least one occasion he engaged in carnal knowledge with her when she was older than 13 years old, but less than 17 years old.
>
> She went to the defendant's house. They engaged in sexual intercourse in his daughter's bedroom. The victim disclosed this to her sister and to other friends at school.
>
> The victim is not the spouse of the offender and the age difference between the defendant and the victim is four years or greater.
>
> This occurred within the confines of Calcasieu Parish.
>
> As to the indecent behavior with a juvenile, on or between August 1, 2018, and December 31, 2018, the defendant, Edward Garriet, III, committed indecent behavior with a juvenile with the intention of arousing or gratifying the sexual desire of either person by transmitting visual communication depicting lewd and lascivious conduct and images, specifically images of his genitals to the victim whose initials are J.S. and whose date of birth if August 5, 2002, a person whom the defendant reasonably believed to be under the age of 17 and reasonably believed to be at least two years younger than the offender. She was a student at the same school wherein he taught and was a coach.
>
> The victim's cell phone, as well as the defendant's cell phone, shows a communication wherein the defendant and the victim - - shows this type of communication between the defendant and the victim.
>
> The defendant commented how he wanted to have a threesome with J.S. and another victim. Three other victims include other

students; C.C., whose date of birth is January 23, 2001; L.F., whose date of birth is October 3, 2000, and S.V., whose date of birth is November 30, 2001. This occurred within the confines of Calcasieu Parish.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find errors patent which require the sentences be vacated and the case remanded for resentencing.

First, the sentences are indeterminate as a result of the trial court's failure to specify whether probation was imposed on just one or both counts. The trial court stated the following when it sentenced Defendant:

> [O]n the Carnal Knowledge of a Juvenile, I'm going to sentence you to serve 10 years in the Department of Corrections. I'll talk about how much of that will be suspended in just a minute.
>
> On the Indecent Behavior with a Juvenile, I'll sentence you to serve seven years in the Department of Corrections. I'll talk about how much of that will be suspended in just a minute.
>
> . . . .
>
> It looks like it can be up to five years of supervised probation so like I said, I'll get back to the suspended part in just a minute, how much will be suspended. You'll be on supervised probation for a period of five years under the general terms and conditions of Article 895 and 895.1 Code of Criminal Procedure. The following special conditions:
> . . . .
>
> A $5,000 fine, plus court costs.
>
> You are to pay restitution to the victims for any counseling costs that they may incur as a direct result of this incident or these incidences.
>
> You are to pay supervision fee of $60 per month for probation and parole and a $11 per month sex offender registration technology fund fee, perform 30 eight-hour days of community service.
>
> You are to stay away from and avoid all contact with any of the other victims.
>
> . . . .

[N]o contact whatsoever . . . with the victims or the victims' family; no contact whatsoever with any known drug users, dealers, or convicted felons; submit to random drug screens at the discretion of the probation officer; and submit to a sex offender evaluation and complete that evaluation or complete any treatment that's indicated by that evaluation.

And then you are to follow all registration and notification requirements that are required by state law and no other criminal activity.

And on this order of protection, this is a lifetime order of protection. It never expires. You are to stay away from these two protected persons, J.S. and L.N.F.

. . . .

So, as I said, I've already imposed the ten year and the seven year sentences. And I'm going to suspend each of those, all but five years. So, you have five years to serve, and then you'll have that five years of probation with all the conditions that I imposed a while ago.

. . . .

I'll give you credit for any time you've served. Yeah, it'll be concurrent on each count with credit for any time you've served from the date of your arrest on the charges.

The trial court did not clearly impose probation on both counts. Even though the trial court stated "it'll be concurrent on each count," it did not specify whether this statement applied to the term of imprisonment, the probation period, or both. In *State v. Ervin*, 17-18, pp. 2-4 (La.App. 3 Cir. 12/13/17), 258 So.3d 677, 680-81, this court addressed a similar issue in its review of the record for errors patent:

First, we find Defendant's sentences are indeterminate. When sentencing Defendant, the judge stated:

As it related to the five counts of carnal knowledge of a juvenile, at this time I will sentence you to five years with the Department of Public Safety and Corrections on each count. And that time will run consecutive for a total of twenty-five years with the Department of Public Safety and Corrections. And on the charge of attempted carnal knowledge of a juvenile, I will sentence you to two years on each count. That two years will run concurrent. Of that twenty-five years, I will suspend fifteen. And after you

4

serve the first ten, when you are released, you will be released on five years of supervised probation.

A similar issue was before this court in *State v. Verret*, 08-1335 (La.App. 3 Cir. 5/6/09), 9 So.3d 1112. For each of four counts of negligent homicide, the defendant was sentenced to five years to run concurrently. The court then stated it was "ordering that [the defendant] serve four years of this sentence and that one year of the sentence be suspended." *Id.* at 1113. The defendant was placed on probation for four years. In addressing the patent sentencing error, this court stated:

> The trial court unequivocally imposed a five-year sentence on each count to run concurrently. When it ordered suspension of one year and discussed the terms and length of probation, however, the trial court only referred to one sentence. Insofar as the trial court failed to specify to what counts the suspension and probationary period applied, the trial court imposed indeterminate sentences.
>
> This court addressed a similar issue in *State v. Morris*, 05-725, p. 9 (La.App. 3 Cir. 12/30/05), 918 So.2d 1107, 1113, wherein it found that "[t]he trial court imposed indeterminate sentences because it suspended the sentences and placed Defendant on five years of supervised probation without specifying to which count or counts the probation applied." In *Morris*, 918 So.2d 1107, the court quoted from *State v. Taylor*, 01-680, p. 2 (La.App. 3 Cir. 11/14/01), 801 So.2d 549, 550:
>
> > After suspending five years of the defendant's eight-year sentence and the totality of the six-year sentence, the trial court imposed a five-year supervised probation period. It is unclear, however, to which sentence this probation period applies or whether it applies to each. Thus, the sentences are indeterminate and in violation of La.Code Crim.P. art. 879, which provides: "If a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence."
> >
> > Finding the defendant's sentences indeterminate, we vacate the sentences and remand this matter to the trial court for the imposition of determinate sentences. In doing so, we instruct the trial court to specify whether the periods of probation are to be served concurrently or consecutively and upon what point the probated sentences begin

5

> as to each count. *See* La.Code Crim.P. art.
> 883.
>
> Accordingly, we vacate the sentences on the grounds they are indeterminate and remand the case for resentencing. Upon remand, if any periods of probation or suspension are imposed, the trial court is instructed to specify to which count(s) they apply.

*Verret*, 9 So.3d at 1113–14.

> Accordingly, we must vacate Defendant's sentences for felony carnal knowledge of a juvenile and attempted felony carnal knowledge of a juvenile and remand the case for resentencing with the trial court being instructed that if any periods of suspension or probation are imposed, it must specify to which count(s) they apply. Additionally, the sentences imposed for attempted carnal knowledge of a juvenile are indeterminate due to the trial court's failure to specify whether they are to be served with or without hard labor. *See* La.R.S. 14:27 and 14:80. Thus, when resentencing Defendant, the trial court should specify whether the sentences for attempted felony carnal knowledge of a juvenile are to be served with or without hard labor. *See State v. Chehardy*, 12-1337 (La.App. 3 Cir. 5/1/13), 157 So.3d 21.

Likewise, in the present case, Defendant's sentences are vacated and the case remanded for resentencing. As in *Ervin*, the trial court is instructed that if probation is imposed, it must specify to which count or counts they apply.

Second, the trial court imposed restitution as a condition of Defendant's probation without specifying the amount of restitution to be paid to each victim and without specifying on what count or counts the restitution was imposed. Louisiana Code of Criminal Procedure Article 895.1 provides for the imposition of restitution as a condition of probation. That article states, in pertinent part:

> A. (1) When a court places the defendant on probation, it shall, as a condition of probation, order the payment of restitution in cases where the victim or his family has suffered any direct loss of actual cash, any monetary loss pursuant to damage to or loss of property, or medical expense. The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim in an amount certain. However, any additional or other damages sought by the victim and available under the law shall be pursued in an action separate from the establishment of the restitution order as a civil money judgment provided for in Subparagraph (2) of this Paragraph. The restitution payment shall be made, in discretion of the court, either in a lump sum

or in monthly installments based on the earning capacity and assets of the defendant.

La.Code Crim.P. art. 895.1.

This court has stated the following regarding the imposition of restitution as a condition of probation without specifying the amount of restitution to be paid:

> Whether the restitution was ordered as a condition of probation or as part of the principal sentence, the restitution order must be a certain amount determined by the trial court:
>
>> If restitution is ordered as a condition of probation, it is to be "a reasonable sum not to exceed the actual pecuniary loss to the victim in an amount certain" [La C. Cr. P. art. 895.1(A)(1)] and "in an amount to be determined by the court" [La. C. Cr. P art. 895(A)(7)]. When the trial court fails to set a specific amount to be paid in restitution as a special condition of probation, the defendant's sentence is defective. *State v. Wilson*, 613 So.2d 234 (La. App. 1 Cir. 1992), *writ denied*, 93-0533 (La. 3/25/94), 635 So. 2d 238. The court may also order restitution as part of the principal sentence under La. C. Cr. P. art. 883.2, in which case a nonspecific restitution order will render the sentence indeterminate and thus invalid. *State v. Fussell*, 06-2595 (La. 1/16/08), 974 So.2d 1223.
>
> *State v. Hampton*, 52,430, p. 2 n. 2 (La.App. 2 Cir. 11/14/18), 261 So.3d 993, 998, n. 2, *writ denied*, 19-287 (La. 4/29/19), 268 So.3d 1029 (alterations in original).

In the present case, the trial court stated the following regarding restitution:

> In addition to that, the restitution, the Court's gonna order that there be, if there's any, that there be restitution and at the request of your Court appointed attorney you are . . . you are reserved unto you the restitution hearing if there's a debate between him and . . . and the other department [sic] . . .

In a recent case, this court addressed the trial court's failure to set an amount of restitution and found the error required the sentence to be vacated and the case remanded for resentencing. *State v. Loyd*, 18-968 (La.App. 3 Cir. 6/5/19), 274 So.3d 112. The restitution order found to be indeterminate in *Loyd* and in the case cited by *Loyd* is similar to the restitution order in the present case. Addressing the issue, *Loyd* stated:

7

We further find that in sentencing Defendant, the trial court failed to set the amount of restitution to be paid to the victim. Specifically, the trial court stated:

> Order that you pay restitution to Ms. [Spotsville] for the monetary amount that she paid you, and as well as any out of pocket expenses that were not covered by insurance. Court will allow you to res - - reserve the right to a restitution hearing if you and your par - - probation or parole officer cannot agree on that amount.

In *State v. Fussell*, 06-324 (La.App. 3 Cir. 9/27/06), 941 So.2d 109, restitution was imposed pursuant to La.Code Crim.P. art. 883.2, as it was in the instant case. On error patent review, this court found the defendant's sentence was indeterminate due to the trial court's failure to set the amount of restitution. The trial court stated in pertinent part:

> I'm also gonna [sic] order you to pay all restitution involved with respect to - - if there is any - - I order you to pay for any and all medical counseling and health expenses incurred by the victim or her family, as a consequence of your conviction for these offenses. That's also gonna [sic] be - - it's an indetermined amount, it's just gonna [sic] be generally made in the judgment. I don't know what it's gonna [sic] be. I don't even know if the State's gonna [sic] make an application for that.
>
> . . . .
>
> And I've already ordered you to pay for any and all medical counseling or other health expenses incurred by the victim or her family as a consequence of your commission of those particular offenses in that case.

*Fussell*, 941 So.2d at 139.

This court vacated the defendant's sentences and remanded the case for resentencing with the instruction that if restitution was imposed, the trial court must specify the amount.

The supreme court agreed, stating:

> We agree with the Third Circuit Court of Appeal that, due to a nonspecific restitution order, the sentences imposed upon Defendant by the trial court were indeterminate and, thus, invalid. *See* La. C.Cr.P. art. 879 (stating that "[i]f a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence"); La.C.Cr.P. art. 883.2.

8

>           Accordingly, this case must now be remanded for
> resentencing on all convicted counts.

*State v. Fussell*, 06-2595, p. 25 (La. 1/16/08), 974 So.2d 1223, 1238 (footnote omitted).

*State v. Vidrine*, 19-210, pp. 10-13 (La.App. 3 Cir. 10/2/19), 280 So.3d 664, 670-72.

The trial court in the present case stated the following when it imposed restitution as a condition of probation: "You are to pay restitution to the victims for any counseling costs that they may incur as a direct result of this incident or these incidences." As in *Vidrine* and *Fussell*, the trial court in the present case failed to specify the amount of restitution imposed. Additionally, the trial court failed to specify the amount of restitution to be paid to each victim. Finally, because the trial court did not specify that probation was imposed on one count or both counts, the trial court also failed to specify on what count or counts the restitution was ordered. Accordingly, upon remand for resentencing, the trial court is instructed that if restitution is imposed as a condition of probation, it must specify on what count or counts restitution is imposed; it must specify the amount of restitution to be paid to each victim; and it should follow the procedure set forth in La.Code Crim.P. art. 895.1.

Third, the trial court imposed a fine, court costs, and restitution as conditions of probation without establishing a payment plan. In *State v. Trosclair*, 19-833, pp. 28-29 (La.App. 3 Cir. 6/24/20), 299 So.3d 704, 719, *writ denied*, 20-949 (La. 1/20/21), 308 So.3d 1162, (quoting *State v. Arisme*, 13-269, pp. 3-4 (La.App. 3 Cir. 10/9/13), 123 So.3d 1259, 1262) this court stated:

>        In *State v. Wagner*, 07-127, pp. 7-8 (La.App. 3 Cir.
> 11/5/08), 996 So.2d 1203, 1208, this court held in
> pertinent part:
>
> >        When the fines and costs are imposed
> > as a condition of probation, but the trial court
> > is silent as to the mode of payment or the trial

court attempts to establish a payment plan, this court has required a specific payment plan be established. *See State v. Theriot*, 04-897 (La.App. 3 Cir. 2/9/05), 893 So.2d 1016 (fine, court costs, and cost of prosecution); *State v. Fuslier*, 07-572 (La.App. 3 Cir. 10/31/07), 970 So.2d 83 (fine and costs); *State v. Console*, 07-1422 (La.App. 3 Cir. 4/30/08), 981 So.2d 875 (fine and court costs).

We view this procedure as no different from payment plans for restitution. *See State v. Dean*, 99-475 (La.App. 3 Cir. 11/3/99), 748 So.2d 57, *writ denied*, 99-3413 (La. 5/26/00), 762 So.2d 1101 (restitution only), *State v. Reynolds*, 99-1847 (La.App. 3 Cir. 6/7/00), 772 So.2d 128 (restitution, fine, and costs), *State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597 (restitution, fine, court costs, and reimbursement to Indigent Defender Board), and *State v. Fontenot*, 01-540 (La.App. 3 Cir. 11/7/01), 799 So.2d 1255 (restitution, court costs and payments to victim's fund, Indigent Defender Board, and District Attorney).

We, therefore, remand this case to the trial court for establishment of a payment plan for the fine, noting that the plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court. *See Stevens*, 949 So.2d 597.

Similarly, the trial court's ordering the payment to the crime lab fund during the period of probation is an insufficient payment plan. We also remand the case to the trial court for establishment of a payment plan for these costs, noting that the plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court. *See Stevens*, 949 So.2d 597.

This issue has been similarly resolved in other cases. *See State v. LaCombe*, 09-544 (La.App. 3 Cir. 12/9/09), 25 So.3d 1002, and *State v. Snelling*, 09-1313 (La.App. 3 Cir. 5/5/10), 36 So.3d 1060, *writ denied*, 10-1301 (La. 12/17/10), 51 So.3d 16. Accordingly, we remand this case to the trial court for the establishment of a payment plan for the fee, noting that the plan may either

10

be determined by the trial court or by the Department of Probation and Parole with approval by the trial court. *See Stevens*, 949 So.2d 597.

Accordingly, while we affirm the conviction and sentence, we remand to the trial court for the establishment of a payment plan for the fine, court costs, and payment to the Public Defender's Office imposed as conditions of probation. The payment plan may either be determined by the trial court or by the Office of Probation and Parole with approval by the trial court.

Thus, upon remand for resentencing, the trial court is instructed to establish a payment plan for any fine, costs, or restitution imposed as a condition of probation. The trial court is also instructed that the payment plan may be determined by either the trial court or by the Office of Probation and Parole with approval by the trial court.

Finally, by placing Defendant on supervised probation for five years, the trial court placed Defendant on probation for a period in excess of that allowed by La.Code Crim.P. art. 893(A)(1)(a). In 2017, the legislature amended La.Code Crim.P. art. 893 to change the probationary period for most offenses from a maximum of five years to a maximum of three years. 2017 La. Acts 280 § 1. The offenses in this case were committed between August, 1 2018, and December 31, 2018. Thus, the 2017 amendment applied. The legislature allowed for a maximum five-year probationary period for some offenses – a first conviction for La.R.S. 14:81.1, La.R.S. 14:81.2, and certain offenses designated as crimes of violence in the court minutes. La.Code Crim.P. art. 893(A)(1)(b) and (2). The legislature also allowed for a maximum eight-year probationary period for certain defendants who, with the consent of the district attorney, enter and complete certain court-approved programs. La.Code Crim.P. art. 893(G). Since the offenses in the present case do not fall within any of these exceptions, the probationary periods in this case cannot exceed three years. Accordingly, upon remand for resentencing, we instruct the trial

11

court that if any portion of Defendant's sentences are suspended, the probation periods imposed shall not exceed three years in accordance with La.Code Crim.P. art. 893.

## ASSIGNMENT OF ERROR:

In his sole assignment of error, Defendant alleges the sentences imposed are excessive. Since we find that the sentences be vacated based on the errors patent discussed above, this assignment of error need not be addressed.

## DECREE:

Defendant's convictions are affirmed, but his sentences are vacated as indeterminate, and the matter remanded for resentencing. The trial court is instructed that if any periods of probation are imposed, it must specify to which count or counts they apply. Additionally, the trial court is instructed that if restitution is imposed as a condition of probation, it must specify on which count or counts restitution is imposed; it must specify the amount of restitution to be paid to each victim; and it should follow the procedure set forth in La.Code Crim.P. art. 895.1. The trial court is also instructed to establish a payment plan for any fines, costs, restitution, or fees imposed as a condition of probation. We note that the payment plan may either be determined by the trial court or by the Office of Probation and Parole with approval by the trial court. Finally, the trial court is instructed that if any portion of Defendant's sentences are suspended, the probation periods shall not exceed three years in accordance with La.Code Crim.P. art. 893.

**CONVICTIONS AFFIRMED. SENTENCES VACATED. REMANDED FOR RESENTENCING WITH INSTRUCTIONS.**

STATE OF LOUISIANA

VERSUS

EDWARD GARRIET, III

**Pickett, J., dissents and assigns reasons.**

I agree with the majority's recognition of errors patent in the imposition of probation and restitution. I also agree that the period of probation cannot exceed three years. I would affirm the sentences of the trial court and would remand to the trial court with instructions to correct those errors.

I do not find the sentences imposed are indeterminate such that the sentences imposed should be vacated in their entirety. I find this case is analogous to *State v. Thibodeaux*, 20-91 (La.App. 3 Cir. 3/17/2021), 313 So.3d 445, *writ denied*, 21-751 (La. 10/5/21), 325 So.3d 374. In that case, the trial court set a maximum amount of restitution owed for purposes of hiring a forensic CPA, but not an exact amount. While this court remanded for the trial court with instructions to specify the count or counts upon which the restitution was owed, it did not vacate the sentences imposed.

I would affirm the sentences and remand to the trial court for the purpose of specifying the count or counts upon which restitution is owed.

I therefore respectfully dissent.